IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LENORIA A. GRAHAM | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:10-CV-2652-RWS |
| CHASE HOME FINANCE & U.S. | : |
| BANK HOME MORTGAGE, | : |
| Defendants. | : |
| | : |
| | : |

**ORDER**

This case comes before the Court on Plaintiff's Motion for Permanent Injunction [2], Defendant U.S. Bank Home Mortgage's Motion to Dismiss, or in the alternative, More Definite Statement [4], and Defendant Chase Home Finances's Motion to Dismiss [7]. After a review of the record, the Court enters the following Order.

Both Defendants have moved to dismiss Plaintiff's complaint for failure to state a claim. These motions are unopposed. See L.R. 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion."). However, an unopposed motion does not mean that the moving

party automatically prevails; rather, the Court is still to consider the merits of the motion. See Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988) (in an unopposed motion for summary judgment, the district court must "indicate that the merits of the motion were addressed"); Simpson v. Countrywide Home Loans, 2010 WL 3190693, at *3 (N.D. Ga. Apr. 26, 2010) (holding that "unopposed" under Northern District of Georgia Local Rule 7.1(B) does not mean the non-responsive party "abandoned" its claims in the motion to dismiss context). Therefore, the Court will consider the merits of Defendant's Motion to Dismiss.

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, ___ U.S. ___, 129, S. Ct.

1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

Additionally, because Plaintiff is acting *pro se*, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v.

3

Pentagon Fed. Credit Union, 2010 WL 3273056, at *2 (11th Cir. August 19, 2010).

Plaintiff's complaint lacks plausibility. The only discernable facts which relate to her claims–and not some more general claim about the mortgage industry as a whole–state that on May 10, 2004, Plaintiff took out a purchase-money mortgage in the amount of $112,000.00 for her home at 2397 Rockknoll Drive, Conley, Georgia 30288. All the rest of her facts alleged are either "labels and conclusions"–"[t]his is a predatory loan" (Dkt. No. [1] at 2. )–or a recitation of each cause of actions' elements–"[o]n numerous occasions, the fees assessed and collected by **U.S. Bank Home Mortgage and Chase** improperly were: a. not allowed under the mortgage contract, or b. [n]ot permitted by law." Id. at 9. Plaintiff does not state any facts which plausibly support the ten counts alleged.

Moreover, it appears from what Plaintiff calls Exhibit B, that she is under the false impression that her lender is required to produce a "BLUE INK" copy of the note. However, in Georgia, this "produce the note" theory has no bite. See Watkins v. Beneficial, HSBC Mortg., 2010 WL 4318898, at *4 (N.D. Ga.

4

Sep. 2, 2010) (noting that Georgia law does not require the "lender commencing foreclosure proceedings to produce the original note.").

Ultimately, Plaintiff's "threadbare conclusions" and "naked assertions" do not survive the 12(b)(b) standard and are at best speculative. Therefore Defendants' Motions to Dismiss [4, 7] are **GRANTED**, and Plaintiff's Motion for Permanent Injunction [2] is rendered **MOOT.** The Clerk is directed to close this case.

**SO ORDERED** this <u> 6th </u> day of December, 2010.

_____
**RICHARD W. STORY**
United States District Judge